# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANIMAL OUTLOOK,<br><br>                Plaintiff,<br><br>v.<br><br>AMERICAN HEART ASSOCIATION, INC.<br>and<br>DOES, 1-20,<br><br>                Defendants. | Case No.: 1:22-cv-02842-CJN |

**MOTION FOR RECONSIDERATION, OR, IN THE ALTERNATIVE, FOR REMAND**

Pursuant to Federal Rule of Civil Procedure 59(e), or, in the alternative Federal Rule of Civil Procedure 60(b)(6), Plaintiff Animal Outlook ("Plaintiff") respectfully moves the Court to alter or amend its March 21, 2024 Order, granting Defendant American Heart Association's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), to order remand instead of dismissal. In the alternative, Plaintiff moves the Court directly pursuant to 28 U.S.C. § 1447(c) to remand this case to D.C. Superior Court. Plaintiff brings its motion on the following grounds:

1.      Pursuant to Federal Rule of Civil Procedure 59(e), clear error exists given that the federal removal statute, 28 U.S.C. §1447(c), mandates remand instead of dismissal when a Court determines federal subject matter jurisdiction is lacking over a removed case like this one.

2.      Pursuant to Federal Rule of Civil Procedure 59(e), manifest injustice will result if the Order is not altered or amended to order remand instead of dismissal because Plaintiff will be prejudiced if it has to refile its Complaint in D.C. Superior Court.

3.       In the alternative, pursuant to Federal Rule of Civil Procedure 60(b)(6), Plaintiff seeks relief from the Order on the grounds that the motion is timely brought within three weeks of issuance and "extraordinary circumstances" exist to grant relief here, given the mandatory nature of remand after a district court determines federal subject matter jurisdiction is lacking and the resulting prejudice to Plaintiff if dismissal is ordered instead of remand.

4.       In the alternative, Plaintiff asks that the Court construe this motion as a motion for remand and remand this matter to D.C. Superior Court pursuant to 28 U.S.C. § 1447(c).

Respectfully submitted,

*/s/ Teresa L. Huggins*_____

Brian Klein (*pro hac vice*)
Teresa L. Huggins (*pro hac vice*)
WAYMAKER LLP
515 S. Flower Street, Ste. 3500
Los Angeles, CA  90071
(424) 652-7800
bklein@waymakerlaw.com
thuggins@waymakerlaw.com

*Counsel for Plaintiff Animal Outlook*

**STATEMENT OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

By this motion for reconsideration, or in the alternative, for remand, Plaintiff Animal Outlook ("Plaintiff") seeks no change to the Court's substantive findings in its March 21, 2024 Order granting Defendant American Heart Association's ("Defendant") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Motion to Dismiss"). (Dkt. No. 30 ("Order").) Instead, Plaintiff respectfully requests that the Court order remand instead of dismissal.

On September 19, 2022, Defendant removed this case from D.C. Superior Court on the grounds that federal subject matter jurisdiction existed. (Dkt. No. 1.) A week later, Defendant moved to dismiss the Complaint pursuant to, *inter alia*, Rule 12(b)(1), arguing that the Court did not, in fact, have subject matter jurisdiction over Plaintiff's claims. (*Id*. 4.) On March 21, 2024, the Court granted Defendant's Motion to Dismiss and dismissed Plaintiff's Complaint without prejudice on the grounds that Plaintiff lacked Article III standing to sue Defendant in federal court. (Order at 5.) In its Order, the Court noted that Plaintiff may have standing to bring at least certain of its claims in D.C. Superior Court. (*Id*. at 4-5.)

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") allows a court to alter or amend a judgment or order where there is "clear error" or the ruling would result in "manifest injustice." Both situations exist here. The governing statute for removal, 28 U.S.C. § 1447(c), provides that "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over a case removed from state court, "the case *shall* be remanded." (Emphasis added.) U.S. Supreme Court and D.C. Circuit precedent agree that "the literal words of § 1447(c) . . . on their face, give . . . no discretion to dismiss rather than remand an action." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (citations and quotations

1

omitted); *see Brookens v. Am. Fed'n of Gov't Employees*, 315 F. Supp. 3d 561, 571 (D.C. Cir. 2018). Moreover, if the Order is not altered or amended, Plaintiff will have to refile its case in D.C. Superior Court where Defendant may argue that certain of Plaintiff's claims are now barred. This situation can easily be avoided by ordering remand instead of dismissal.

Pursuant to Rule 59(e), or, alternatively, Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6)"), Plaintiff respectfully asks the Court to alter or amend its Order to order remand instead of dismissal. In the alternative, Plaintiff asks that the Court construe this motion as a motion to remand and order remand on that basis.

## II.   RELEVANT PROCEDURAL HISTORY

On August 24, 2022, Plaintiff Animal Outlook filed suit in D.C. Superior Court against Defendant American Heart Association for "knowingly and actively misleading consumers . . . regarding the cardiovascular effects of eating beef" through its use of labeling on meat products and its Heart Check Certification program. (D.C. Superior Court, Case No. 2022-CA-003830-B.) Plaintiff alleged in its Complaint that Defendant's misrepresentations constituted: (1) a violation of the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901 to 28-3913 ("CPPA"), (2) negligent misrepresentation, and (3) unjust enrichment. (*Id.*) On September 19, 2022, Defendant removed the case on the grounds of diversity jurisdiction. (Dkt. No. 1.)

On September 26, 2022, despite having argued that federal subject matter jurisdiction was proper the week before, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(b)(7), arguing, *inter alia*, that the Court in fact lacked subject matter jurisdiction over Plaintiff's claims because Plaintiff lacked Article III standing. (Dkt. No. 4.) The motion was fully briefed. (*Id.* 19-20, 25, 28.)

On March 21, 2024, the Court granted Defendant's Motion to Dismiss, pursuant to Rule 12(b)(1), finding that Plaintiff lacked Article III standing and dismissing Plaintiff's Complaint

without prejudice. (Order at 5.) In its Order, the Court expressly noted that Plaintiff may have standing to sue Defendant in D.C. Superior Court for at least its CPPA claim. (*Id*. at 4-5.)

### III.   LEGAL STANDARD

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may file "[a] motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court properly invokes its "considerable discretion" to grant a Rule 59(e) motion "if it finds there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." *Lair v. Dep't of Treasury*, No. Civ. A. 03-827, 2005 WL 1330722, at *1 (D.D.C. June 3, 2005) (citations omitted). The party seeking reconsideration bears the burden of establishing that relief should be granted. *See Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec*., 811 F. Supp. 2d 216, 226 (D.D.C. 2011).

Under Rule 60(b)(6), "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" on one of six enumerated grounds, which include "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). If the motion is timely, relief pursuant to Rule 60(b)(6) is available when the moving party demonstrates "extraordinary circumstances." *Ackermann v. U.S.,* 340 U.S. 193, 202, 212 (1950). As with Rule 59(e), the movant bears the burden of establishing that Rule 60(b)(6)'s prerequisites are satisfied, and the court "enjoys a large measure of discretion in deciding whether" to grant the motion. *Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987).

### IV.   ARGUMENT

#### A.   Relief Under Rule 59(e) Is Proper

By this motion, Plaintiff is not asking the Court to change any substantive findings in its Order, but only seeks the extremely limited relief under Rule 59(e) of an alteration or amendment to the Order to order remand, instead of dismissal, to correct clear error and prevent

manifest injustice. Plaintiff's motion is properly filed within 28 days of issuance of the Order. *See* Fed. R. Civ. P. 59(e).

The governing statute for removal, 28 U.S.C. § 1447(c), provides that, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). The U.S. Supreme Court has stressed the mandatory nature of § 1447(c), noting that "the literal words of § 1447(c) . . . on their face, give . . . no discretion to dismiss rather than remand an action." *Int'l Primate Prot. League*, 500 U.S. at 89 (finding animal rights group entitled to remand to state court after Court of Appeals held it lacked Article III standing) (citations and quotations omitted). In accord with Supreme Court precedent, the District of Columbia Court of Appeals has explained that "[w]hen it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case, 28 U.S.C. § 1447(c)." *Republic of Venezuela v. Philip Morris Inc.,* 287 F.3d 192, 196 (D.C. Cir. 2002) (affirming remand where subject matter jurisdiction was lacking). Indeed, because removal implicates significant federalism concerns, a court must "strictly construe[ ] the scope of its removal jurisdiction. Accordingly, if federal jurisdiction is doubtful, a remand to state court is necessary." *Downey v. Ambassador Dev., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008) (citations and quotations omitted); *accord Animal Legal Def. Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 65 (D.D.C. 2017) (finding animal rights group entitled to remand where it lacked Article III standing). The outcome is the same when a court determines it lacks subject matter jurisdiction over a removed case pursuant to a Rule 12(b)(1) motion to dismiss: the court is required to remand the case, not dismiss it. *See Brookens*, 315 F. Supp. 3d at 571 (finding remand, not dismissal, required after granting 12(b)(1) motion to dismiss for lack of Article III standing and

4

noting "mandatory nature of § 1447(c)"); *Randolph v. ING Life Ins. & Annuity Co.*, 486 F. Supp. 2d 1, 10-11 (D.D.C. 2007) (same); *see also D.C. Pro. Taxicab Drivers Ass'n v. Dist. of Columbia*, 880 F. Supp. 2d 67, 77 (D.D.C. 2012) ("When a case removed from state court no longer contains any basis for federal court jurisdiction, remanding the case to state court is the proper course of action.").

Arguably, Defendant's removal notice was improper,[1] and the Court was right to resolve subject matter jurisdiction before determining the merits of the case. *See Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999). Plaintiff did not oppose removal or concede the lack of subject matter jurisdiction based on its good faith belief that it had Article III standing. Now that the Court has determined otherwise, Plaintiff accepts the Court's findings, but posits that remand should be ordered in lieu of dismissal. *See Brookens*, 315 F. Supp. 3d at 571; cf. *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951) (finding remand proper, even after trial and judgment, where plaintiff argued for remand for the first time on appeal, since federal subject matter jurisdiction is never waived).

Plaintiff recognizes that the Court dismissed this case without prejudice such that Plaintiff could refile its Complaint in D.C. Superior Court. However, if Plaintiff is forced to

---

[1] Indeed, Defendant's notice of removal was likely improper, given its position only a week later that the Court lacked subject matter jurisdiction. (*Compare* Dkt. No. 1 *with id*. 4); *see Downey v. Ambassador Dev., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008) (Upon filing a notice of removal, the defendant "bears the burden of proving that jurisdiction exists in federal court."); *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914-915 (N.D. Ill. 2016) (awarding attorney fees and granting remand where defendant removed case only to argue that the federal court lacked subject matter jurisdiction in a motion to dismiss); *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018) ("dubious strategy [of removing based on subject matter jurisdiction and then moving to dismiss based on lack of subject matter jurisdiction] has resulted in a significant waste of federal judicial resources, much of which was avoidable"); Zachary D. Clopton & Alexandra D. Lahav, Fraudulent Removal, 135 HARV. L. REV. F. 87, 103 (2021) (naming this practice "fraudulent removal" and noting it "is an example of a litigation practice that abuses the civil justice system, increases costs for both parties, and drains judicial resources").

refile its Complaint anew, it risks that Defendant argues certain of its arguments are barred based on the timing of certain misrepresentations. *See Anyanwutaku v. Moore,* 151 F.3d 1053, 1059 (D.C. Cir. 1998) (considering whether failure to grant Rule 59(e) motion would prevent an adjudication of plaintiff's claims on the merits); *see also Tafler v. Dist. of Columbia*, No. 05–1563 (PLF), 2006 WL 3254491, at *7 (D.D.C. Nov. 8, 2006) (recognizing plaintiff prejudiced by dismissal where statute of limitations would bar claims).

The potential prejudice to Plaintiff is particularly acute, given that, as the Court noted in its Order, Plaintiff may have standing for at least certain of its claims in D.C. Superior Court. (*See* Order at 4-5 (noting Plaintiff "may" have statutory standing for its CPPA claim in D.C. Superior Court and citing *Animal Legal Def. Fund v. Hormel Foods Corp.*, 258 A.3d 174, 181-185 (D.C. 2021)); *see Int'l Primate Prot. League*, 500 U.S. at 89 (finding that question of state court standing "turns on a question of [state] law, and "we decline to speculate on the proper result"); *Randolph*, 486 F. Supp. 2d at 10-11 (refusing to consider whether remand was futile, as state court standing determinations are at "the discretion of the Superior Court"); *Doe v. Allied–Signal, Inc*., 985 F.2d 908, 911 (7th Cir. 1993) ("Any doubt regarding jurisdiction should be resolved in favor of the states."). Such prejudice, coupled with the applicable law of removal, constitutes grounds to alter or amend the Order to correct clear error and prevent manifest injustice.

    **B.**    **Relief Under Rule 60(b)(6) Is Also Proper**

Should the Court determine otherwise, relief under Rule 60(b)(6) is proper. Rule 60(b)(6) motions "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). The D.C. Circuit "has not identified a standard for assessing 'reasonable time' under Rule 60(b) . . . [but] has [ ] considered prejudice to the non-moving party." *Salazar ex rel. Salazar v. Dist. of Columbia*, 633

6

F.3d 1110, 1118 (D.C. Cir. 2011); cf. *Goddard v. Service Employees Int'l Union Local 32BJ*, 310 F.R.D. 190, 193 (D.D.C. 2015) ("In this Circuit, courts almost uniformly deny Rule 60(b)(6) motions as untimely when they are filed more than three months after judgment.").

Here, Plaintiff brings its motion less than three weeks after the Court issued its Order – well before the time period in which courts in this Circuit presumptively find such motions untimely. *See Goddard*, 310 F.R.D. at 193. Nor can Defendant claim prejudice by this motion, given that the Court's Order was issued just less than three weeks ago, the case was dismissed without prejudice and removal was likely improper in the first place. (*See* Section IV.A., *supra*.) The mere fact that Defendant would now be required to litigate the merits of Plaintiff's claims does not in itself constitute prejudice. *See Lemoge v. U.S.*, 587 F.3d 1188, 1196 (9th Cir. 2009).

Moreover, "extraordinary circumstances" exist to grant relief pursuant to Rule 60(b)(6) in light of the weight of authority stating that remand is proper where a removed case is dismissed for lack of subject matter jurisdiction. *See Ackermann,* 340 U.S. at 202, 212; *Brookens*, 315 F. Supp. 3d at 571. In addition, courts in this Circuit have held that the "extraordinary circumstances" requirement under Rule 60(b)(6) "may be satisfied when failure to grant the motion would prevent an adjudication of the plaintiff's claims on the merits." *See Ahuruonye v. U.S. Dep't. of Interior*, No. 16-1767 (BW), 2019 WL 13111774, at *4 (D.D.C. Jan. 28, 2019) (citations omitted). Such is the case here, where Plaintiff risks that Defendant may argue that certain of Plaintiff's claims are now precluded if it refiles in D.C. Superior Court. *See Lemoge*, 587 F.3d at 1196 ("Prejudice to the [plaintiffs] if relief is denied is also an important consideration under these circumstances" in context of a Rule 60(b)(6) motion).

### C.    In the Alternative, Plaintiff Seeks a Motion for Remand

Plaintiff has brought its motion as a motion for reconsideration because the Court terminated the case in its Order and presumably lacks jurisdiction to rule on a motion to remand.

(*See* Order at 5.) However, should the Court find it retains the necessary jurisdiction, the Court may properly consider the motion as a motion for remand.

*Clean Label Project Foundation v. Garden of Life* is instructive. In *Clean Label*, a non-profit sued the defendant company in D.C. Superior Court, alleging the defendant engaged in unlawful trade practices in violation of the CPPA through its misleading marketing and sale of vitamin products. No. 20-3229 (RC), 2022 WL 1658812, at *1 (D.D.C. May 24, 2022). The defendant removed the action and, a few weeks later, filed a motion to dismiss for lack of Article III standing. *Id*. The district court granted the motion and plaintiff filed a motion seeking reconsideration of the order on substantive grounds, or, in the alternative, a motion to remand. *Id*.

In response, defendant argued, *inter alia*, that the plaintiff could not seek remand for the first time in a motion for reconsideration because it had never raised remand before and remand was not addressed in the order at issue. *Id*. at *8. In rejecting the argument and granting the motion for remand, the district court noted the mandatory nature of remand under 28 U.S.C. § 1447(c) where a district court determines it lacks subject matter jurisdiction and held that, "[a]lthough there is normally a time limit for moving to remand after removal, that time limit does not apply if the Court lacks subject matter jurisdiction." *Id*. (citing 28 U.S.C. § 1447(c) ("A motion to remand the case *on the basis of any defect other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a).") (emphasis in original). The court also found that the request for remand was "a new motion and properly styled as an alternative motion." *Id*. (citing *Adams v. Boeneman*, 335 F.R.D. 452, 457 (M.D. Fla. 2020) (remanding to state court on an alternative, and supplemental, motion to reconsider the court's previous dismissal for lack of standing)). Finally, the court agreed with the plaintiff that "remand may best promote the values of economy, convenience, fairness, and

8

comity," given that plaintiff might have standing to pursue its claims in D.C. Superior Court. (*Id*. at *8-9 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988)).

As in *Clean Label*, Plaintiff has styled its motion for remand as an alternative motion on the grounds that remand is required under 28 U.S.C. § 1447(c). *See Clean Label Project Found.*, 2022 WL 1658812 at *8-9. Further, as in *Clean Label*, the values of economy, convenience, fairness and comity require remand, given the clear authority requiring remand instead of dismissal where Article III standing is found to be lacking and the likelihood that Plaintiff will be prejudiced if it has to refile in D.C. Superior Court. *See id*.

## V.     CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court alter or amend its Order, pursuant to Rule 59(e), or, in the alternative, Rule 60(b)(6), and order remand of this case instead of dismissal. In the alternative, Plaintiff respectfully requests that the Court grant the motion for remand to D.C. Superior Court.

/s/ Teresa L. Huggins
Brian E. Klein (*pro hac vice*)
bklein@waymakerlaw.com
Teresa L. Huggins (*pro hac vice*)
thuggins@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
(424) 652-7800

*Attorneys for Plaintiff Animal Outlook*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that, on the date set forth below, a copy of the foregoing was served on all counsel of record in this case via CM/ECF.

Dated: April 10, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By: */s/ Teresa L. Huggins*

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Animal Outlook*